ARCENAUX
*vs.*
JOURDAN ET AL.

### ARCENAUX *vs.* JOURDAN ET AL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE
JUDGE THEREOF PRESIDING.

An appeal is not required to be made returnable to the *first* Monday in the
month or *term*, but may be made returnable to any day of the month in
the *next* term after it is granted, if there be time for the legal delay.

In the late Superior Court of the territory, the first Monday in each month
or term was the return day.

Where it is alleged that an error to the prejudice of the maker of a
negotiable note, endorsed in blank, was made in calculating the amount
for which it was given, parole evidence will be received to explain and
correct the error, even if the note is in the hands of a third person, who
received it in *autre droit*, when he sustains no injury thereby.

This is an action to recover the amount of a promissory
note, executed by Jourdan and endorsed by Fagot, for
eighteen hundred and forty-one dollars thirty-five cents,
payable on the 1st of March, 1834. When it became due
it was regularly protested for non-payment. The note was
drawn by Jourdan, payable to the order of Fagot. The
defendants denied that they were indebted as alleged, and
for the amount claimed They averred that Jourdon, one of
the defendants, purchased a plantation at the sale of the
succession of A. Arcenaux, the ancestor of the plaintiff, and
gave his promissory note to Louis Menier, the administrator
of said estate, for four thousand one hundred and thirty-five
dollars thirty-three cents: that afterwards, about the date of the
note sued on, at the special instance and request of Menier, to
enable him to liquidate and settle the succession, and apportion
it among the heirs, the first note was given up and the amount
divided into smaller ones, of which the note sued on was one,
and which was delivered to the plaintiff as one of said heirs.
That, in substituting the new notes for the old one, an error
of one thousand dollars was committed in the calculations,

and the new notes given for the aggregate sum of five thousand one hundred and thirty-five dollars thirty-three cents, instead of four thousand one hundred and thirty-five dollars thirty-three cents. That the note now sued on was given in error to the amount of one thousand dollars, and was handed over by the administrator to the plaintiff, as his share of his father's succession. They further state, that before the note became due, this error was discovered and made apparent; and that Menier placed the sum of one thousand dollars in the hands of the plaintiff, to cover this error, which was to be deducted from the note when it became due; and that the defendant tendered the balance when said note became due, and was ready then and always since, to pay the same.

On the trial, the evidence showed the error complained of by the defendants, as stated in their answer. But this testimony was objected to by the plaintiff, on the ground that the plaintiff was third holder of the note, in good faith; that Menier was no party to the suit, and under the issue joined, the court could not determine whether or not there was any error in the settlement between Menier and Jourdan: the court sustained the objection, and a bill of exception was taken.

Judgment was rendered in favor of the plaintiff, for the amount of the note. The defendant appealed.

*Roman* and *J. Seghers*, for the plaintiff and appellee, moved to dismiss the appeal.

1. This appeal was granted on the 25th November, and is made returnable to the third Monday of December following, instead of the first Monday of January. The return day, as fixed by law, *is the first* Monday in every month.

2. The present law requires that the appellee be cited to appear in the appellate court *at its next* term, which is in accordance with the law of 1813, regulating the practice in the Supreme Court, which says, "such citations shall be made returnable at the *next* term of the Supreme Court. *Code of Practice*, 383. 1 *Martin's Digest*, 440.

Eastern Dist.
*May*, 1835.

Arcenaux
vs.
Jourdan et al.

3. The act of 1813 is also in accordance with the act of 1807, regulating the practice of the superior court, which provided that the appeal and citation should be returnable on the *first* Monday of the month or term to which the appeal was taken. The appeal in this case is, therefore, illegal and should be dismissed. 1 *Martin's Digest*, 432, 434. 3 *Louisiana Reports*, 440.

4. The judgment of the inferior court is correct, and should not be disturbed. For, unless the consideration of a note is illegal and void, the holder can recover, and cannot be affected by any equitable consideration between the drawer and third persons. 3 *Martin*, 90.

5. The maker of a promissory note cannot avail himself against an endorsee, without notice, of any equity he may have against the payee. 9 *Martin*, 86. 1 *Ibid*, *N. S.*, 150. 3 *Louisiana Reports*, 241.

*Nicholls*, for the defendant.

1. The payment of one thousand dollars in error, is fully established, which entitles the defendant to the reversal and correction of the judgment.

2. The district judge erred in rejecting the parole testimony offered to prove the error and the transaction.

3. The error of one thousand dollars to the prejudice of the defendant, was admitted and explained by the administrator to the parties concerned, and the plaintiff among the rest.

4. The sum deposited in the plaintiff's hands, by the administrator, to correct this error, became a payment on the note.

5. The admission of Menier, the administrator, and the deposite of the money, placed it beyond his control or power. It became the property of the appellant, and was placed in the appellee's hands to liquidate his debt, to that amount.

*Martin*, J., delivered the opinion of the court.

This is an action on a promissory note. The defendants are sued as the makers and endorsers of a note. They

averred in their answer, that the note sued on, with several others, were given in exchange for one of a larger amount; that the original note was given for the price of a tract of land, which formed part of the estate of the plaintiff's ancestor, and which had been sold by Menier, the administrator thereof, and adjudicated to Jourdan, for whom his co-defendant, Fagot, became security; that the exchange was made to facilitate the partition and distribution of the price among the heirs; and that an error was committed in making the calculations, in consequence of which the amount of the notes given in exchange, exceeded by one thousand dollars that of the original and larger note. To be relieved from the consequences of this error, an averment was made in the answer, that it had been discovered by Menier, the administrator and vendor of the property purchased, who, in order to correct it, had paid one thousand dollars to the plaintiff. From this error the defendants sought relief; they failed to obtain it, and have appealed to this court.

EASTERN DIST.
*May*, 1835.

ARCENAUX
*vs.*
JOURDAN ET AL.

The plaintiff moves to dismiss the appeal, on the ground that it was made returnable on the third Monday of December, instead of the first Monday of January following.

This is assuming a position which appears to the court untenable, viz: that the first Monday of a term is the only legal return day in it. A contrary decision was made by this court a few weeks ago, in the case of *Petit et al.* vs. *Drane, ante* 218.

The present appeal was allowed on the 25th of November, and was correctly made returnable in the month of December, being the *next term* thereafter, and on the third Monday in the same, because there was not sufficient time, in the opinion of the judge *a quo*, to prepare and send up the record, and cite the appellee in, at an earlier day.

An appeal is not required to be made returnable to the *first* Monday in the month or *term*, but may be made returnable to any day of the month in the *next* term after it is granted, if there be time for the legal delay.

The counsel for the plaintiff, in support of his motion to dismiss, has referred the court to the *Code of Practice*, article 585. 3 *Louisiana Reports*, 440; and also, 1 *Martin's Digest*, 432, 434.

40

Eastern Dist.
May, 1835.

ARCENAUX
vs.
JOURDAN ET AL.

In the late Superior Court of the territory, the first Monday of each month or term was the return day.

We are of opinion, that the *Code of Practice*, and the case from the Reports, cited, support the conclusion to which we have already come. The quotations and parts of the Digest relied on, do not appear to be in any respect applicable to this case. They only show, that in the Superior Court of the territory, the first Monday in each month or term, was the return day.

On the merits, it is established by legal evidence, that in consequence of an error made in the calculations, in giving new notes, they exceed in amount one thousand dollars, the original or larger note, for which they were given in exchange, and in its place, to accommodate the heirs, by dividing the original sum into several smaller ones. On the discovery of this error, Menier, the administrator, deposited the sum equal to it in the hands of the plaintiff, to enable him to allow, without lessening his share or doing him injury, the deduction which the vendee would be entitled to claim.

Where it is alleged that an error to the prejudice of the maker of a negotiable note, endorsed in blank, was made in calculating the amount for which it was given, parol evidence will be received to explain and correct the error, even if the note is in the hands of a third person, who received it in *autre droit* when he sustains no injury thereby.

It is true, the plaintiff received the note sued on *in autre droit, i. e.*, in right of his wife and another heir, a minor, for whom he was tutor ; but as he does not allege he paid over any money which he received for them, (and he has most certainly not paid the amount of the present note) he is bound to correct the error, and cannot be injured thereby.

What proportion of the thousand dollars, which has occasioned this error, may be claimed on the note in suit, remains to be ascertained, and which appears to be no difficult matter. The price of the land for which the original note was given, was four thousand one hundred and thirty-five dollars thirty-three cents, and which was divided, and smaller ones including the note sued on, were given in lieu thereof.

The error of one thousand dollars against the purchaser, when he gave the smaller notes, being admitted by the administrator and vendor, it follows, that the aggregate amount for which the new notes were given, was five thousand one hundred and thirty-five dollars thirty-three

cents, *i. e.*, they were given for nineteen dollars and forty-five cents excess over the true sum, in every hundred dollars. In that proportion the note sued on is to be reduced. Its present amount being one thousand eight hundred and forty-one dollars thirty-five cents, a deduction of three hundred and seventy-eight dollars fifteen cents must be made, which leaves one thousand four hundred and sixty-eight dollars twenty-three cents, as the true sum to be recovered.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such a judgment, as in our opinion ought to have been given below, it is ordered, adjudged and decreed, that the plaintiff recover from the defendants *in solido*, the sum of one thousand four hundred and sixty-eight dollars twenty-three cents, with interest at the rate of ten per cent. per annum, from the third day of August, 1834, until paid, with costs of suit in the District Court; the plaintiff and appellee paying the costs of the appeal.